H. D. BEST COMPANY, Appellant, *v.* FEDERAL TERRA COTTA COMPANY, Respondent.

First Department, November 23, 1928.

*David B. Williams* of counsel [*Williams & Williams*, attorneys], for the appellant.

*William De Forest Manice* and *Donald B. Riker* of counsel [*Davisson & Manice*, attorneys], for the respondent.

Judgment affirmed, with costs, on the opinion of BIJUR, J., at Special Term.

Present — DOWLING, P. J., MERRELL, MARTIN, O'MALLEY and PROSKAUER, JJ.

The following is the opinion of the court below:

BIJUR, J. This case was tried before me, a jury having been waived. The action is to recover damages for defendant's breach of an alleged agreement to furnish terra cotta. On April 10, 1925, defendant submitted to plaintiff its written proposal to furnish terra cotta for a building to be constructed by plaintiff (and which offer concededly contained the main terms of the agreement) for $14,500. The offer was " subject to accompanying conditions," the first of which read: " This proposal is good for thirty days from date and acceptance thereof is subject to a form of contract satisfactory to us." On May thirteenth and fourteenth the parties exchanged letters in respect of certain details regarding this offer, plaintiff advising that certain parts of the building were to be terra cotta and other parts limestone (and, therefore, not to be furnished by defendant). On May twenty-ninth, defendant's vice-president, one King, called and conferred with plaintiff's representative, Hardenbergh, and according to defendant's uncontradicted testimony, at that time the written proposal was before them on Hardenbergh's desk. The substance of the conversation was in respect of price, and after some discussion King agreed to reduce his bid to $13,500, which Hardenbergh said he would accept. On the same day defendant wrote thanking plaintiff for its " order " inclosing " the standard form of terra cotta contract used by all manufacturers, which we trust will be acceptable to you." Plaintiff meanwhile had signed some order form of its own and forwarded it to defendant. The receipt of that form was overlooked by defendant, whose representative shortly thereafter called up the plaintiff in regard to his non-signature of the " standard form of terra cotta contract " and was told by the secretary of the plaintiff that it had always used its own form and would not accept the defendant's. Thereupon on June eleventh defendant returned plaintiff's order " as it does not conform to our proposition to you of April 10th as modified in conversation between the writer and your Mr. Hardenbergh on May 29th in your office." It added that as plaintiff had informed defendant that it would not sign the defendant's form, " we consider the negotiations hereby concluded and have instructed our factory to return the drawings to you immediately." On June fifteenth plaintiff in a letter transmitted to defendant the latter's order form executed by plaintiff. Defendant responded that it had already notified plaintiff of the cancellation of the contract. On this state of facts plaintiff insists that a complete oral agreement was made on May twenty-ninth between King and Hardenbergh and that the fact that it was merely to be reduced to formal shape in writing did not affect the binding character of the agreement on the authority of *Sanders*

v. *Pottlitzer Bros. Fruit Co.* (144 N. Y. 209). Defendant, on the other hand, claims, and I agree with its contention, that the conversation in Hardenbergh's office was based upon defendant's written proposal and that the agreement there reached necessarily embodied the terms of that proposal, one of which was the condition that a form of contract should be entered into satisfactory to the defendant, and that when plaintiff refused to execute a contract so satisfactory defendant was at liberty to withdraw from the preliminary agreement. Any doubt which might arise from the possibility that the form chosen by the defendant should prove to be intrinsically unreasonable is resolved by the fact, *first*, that no such claim is made by plaintiff, and *next*, that that form actually was signed by plaintiff, although the signature was belated. The conversation in Hardenbergh's office, as testified to, would seem to have neither meaning nor content unless it was based upon the prior proposal and thus by necessary implication extended the term or life thereof beyond the original thirty days mentioned. This case differs radically from the *Sanders Case* (*supra*). There the oral agreement was complete, and what remained to be done was merely to reduce it to formal shape. Here it was made an express condition that a form of contract acceptable to defendant should be executed, and that was one of the terms of the oral agreement. Since thereafter the plaintiff refused to comply with that express condition defendant was at liberty to withdraw from the conditional contract, as it did. Verdict directed for defendant.